## INMAN v. JAMISON.

1. **Bill of exceptions:** EVIDENCE. Where the record showed that the find-ing and report of the referee were set aside, and the cause was heard by the court, without setting out the evidence submitted to either the referee or the court, it was held that the judgment should be affirmed.

2. —— Where the record sets out what purports to be "minutes of evi-dence" taken before the referee, but such "minutes" are not signed by the referee, and does not contain any statement showing that it sets out all the evidence submitted, the judgment of the court setting aside the report of the referee will not be reviewed in the Supreme Court on an assignment of error that it was not supported by the evidence.

*Appeal from Blackhawk District Court.*

FRIDAY, DECEMBER 16.

THIS is an action for the recovery of real property. Judgment for plaintiff, and defendant appeals. The further necessary facts are stated in the opinion.

*C. H. Conklin and J. N. Rogers* for the appellant.

*B. W. Poor* for the appellee.

COLE, J. — This cause was referred to a referee who heard the evidence and reported the facts found by him, and his conclusions of law thereon, in favor of the defendant. The transcript shows that the report of the referee was duly excepted to, and that the court "after hearing the parties and examining the report of the referee herein, and proofs submitted to the court, and the court being fully advised in the premises; it is ordered and adjudged by the court that the report of the referee be set aside, so far as the same finds that the prem-ises claimed were sold under a valid execution," &c. There is also an amended transcript showing the judgment entry to have been corrected, so as to read "after hearing the

parties and examining the report of the referee herein, and the minutes and testimony filed by him, and the court being fully advised in the premises, it is ordered and adjudged by the court, that the report of the referee be set aside so far as the same finds that the premises claimed were sold under a valid execution," &c.

It therefore appears by the judgment entry of the District Court, that the evidence upon which the referee based his finding of fact, was examined and reviewed by that court; and as to the one fact specified, was found different from the report of the referee. Whether such evidence was by "proofs submitted to the court," or "the minutes and testimony filed by" the referee, is entirely immaterial so far as the inquiry necessary in the present case is concerned. There is no competent showing by the transcript, or otherwise, that the evidence upon which either the court or referee acted is before us. It is true, that immediately following the report of the referee in the transcript, the clerk states that "on the same day was filed in the office of said clerk, the minutes of the testimony taken by the referee upon the hearing of the cause before him in the words and figures following, to wit." And after setting out a few pages there follows: "And also on the same day was filed in the office of said clerk, the written evidence introduced in said cause before said referee, in the words and figures following, to wit," and then follows certain other pages purporting to be copies of deeds, &c.

But neither the "minutes of the testimony" nor "the written evidence" are signed by the referee; nor do they contain any statement that it is all the evidence, nor any sufficient authentication of being the same evidence introduced before the referee or the court, and cannot therefore be taken or examined by us as such. When a cause is tried before a referee, either party, in order to avail themselves of the evidence taken before the referee, or of any

error in the ruling of such referee, must preserve the same by a bill of exceptions duly signed by the referee or by a proper certificate fully identifying it, substantially in the same manner as like evidence and errors are preserved in the District Court for an appeal to this court. Rev., § 3097.

And a District Court is not authorized to review the evidence taken before a referee, or any ruling made by him, unless such evidence and ruling are preserved by bill of exceptions in the manner indicated. It is claimed by the appellant that the court below improperly reversed the finding of the referee. Whether this is so or not, we cannot determine without first having properly certified to us the evidence upon which that court acted. It seems, from the record entries, that the court re-tried the questions of fact, to which re-trial there was no objection so far as appears from the transcript; and since there is no legal showing that all the evidence taken before the referee, or which was before the District Court, is certified to us, we cannot, of course, interfere with the finding of either. The judgment is therefore

Affirmed.